**UNITED STATES of America**

v.

**Curtis Marshall DIXON, Defendant.**

**Criminal Action No. 00–146–1.**

United States District Court,
E.D. Pennsylvania.

Nov. 27, 2000

---

Floyd J. Miller, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Benjamin B. Cooper, Federal Defenders' Association, Philadelphia, PA, for defendant.

## MEMOANDUM AND ORDER

KATZ, Senior District Judge.

Curtis Marshall Dixon is charged in a two-count indictment with possession of cocaine base ("crack") and possession of a firearm by a convicted felon. Now before the court is the defendant's motion requesting the disclosure of information relating to a confidential informant (CI).

*Background* [1]

Philadelphia police officers searched Mr. Dixon's home, pursuant to warrants, on March 11, 1999, and April 21, 1999. Mr. Dixon requests the disclosure of the identity and reliability of the CI who was involved in a controlled buy that was basis for the probable cause affidavit supporting the second search warrant.[2] According to the affidavit, the police officers checked the CI for drugs, paraphernalia, and money and then gave the CI $20.00 in pre-recorded buy money. The police observed the CI enter and exit the defendant's home. Upon returning to the officers, the CI stated that he or she had been sold a vial of crack, which field-tested positive for cocaine base. The affidavit also stated that the CI had been used successfully on two prior occasions, which were identified with what appeared to be arrest or court numbers.

Mr. Dixon seeks information regarding the CI in support of his motion to suppress, in which he alleges that the second warrant's affidavit is legally insufficient because it does not provide enough information for the magistrate to make determination regarding the informant's veracity, reliability and basis of knowledge.[3]

*Discussion*

The defendant bears the burden of demonstrating a need for the disclosure of the CI's identity. *See United States v. Jiles*, 658 F.2d 194, 197 (3d Cir.1981). Mere speculation will not defeat the government's privilege of protecting its informant. *See United States v. Gaines*, 726 F.Supp. 1457, 1465 (E.D.Pa.1989). Once the defendant meets this burden, "the court should balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *Jiles*, 658 F.2d at 196 (quoting *Roviaro v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)). In undertaking this balancing, a court should "'tak[e] into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.'" *Id.* Circumstances that the Supreme Court has found sufficient to require disclosure of the CI's identity are: "(1) the [CI's] possible testimony was highly relevant; (2) it might

---

1. The allegations in this section are drawn from the affidavits supporting the two search warrants. Any factual findings are for the purposes of ruling on the defendant's motion for disclosure of the CI's identity only.

2. According to the affidavit, the basis for the warrant for the first search on March 11, 1999, was "numerous complaints regarding the sale of narcotics" at the defendant's home, and surveillance by police officers in which the officers observed several black males individually enter the home, remain for one minute and then exit the home. One of the males who was observed entering and exiting the home was found approximately a block away with a crack pipe and a vial of crack. No CI was involved in the first warrant.

3. In his motion to suppress, the defendant also seeks to suppress evidence seized pursuant to the first warrant because of lack of probable cause. By Order of November 6, 2000, the court ordered the government to produce evidence regarding the "numerous complaints" of narcotic sales.

have disclosed an entrapment; (3) it might have thrown doubt upon the defendant's identity; and (4) the informer was the sole participant other than the accused, in the transaction charged." *Id.* at 198–99. As the Third Circuit noted in *Jiles*, when the informant has played an active and crucial role in the events upon which the charges against the defendant are based, disclosure of the informant's identity "will in all likelihood be required to ensure a fair trial." *Id.* at 196–97.

■ Where, however, the CI is not a participant or witness to the acts charged, but a tipster whose role was to validate the search, disclosure of his or her identity is not required. *See McCray v. Illinois,* 386 U.S. 300, 311–12, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Gaines,* 726 F.Supp. at 1465. In *McCray,* the defendant was arrested and searched without a warrant based on an informant's tip that the defendant was selling narcotics. *See McCray,* 386 U.S. at 302, 87 S.Ct. 1056. The defendant argued that the hearing on his motion to suppress was defective because the court permitted the arresting officers to withhold the identity of the informant. In rejecting the defendant's argument, the Supreme Court approved of the trial court's application of Illinois law that allows an informant's identity to be withheld if evidence that the officers relied in good faith upon credible information supplied by a reliable informant is submitted in open court and subject to cross-examination. *See id.* at 305, 87 S.Ct. 1056.

■ Here, unless the government intends to call the CI as a witness at trial, it does not appear that the defendant has shown a need for the CI's identity.[4] The defendant argues that the CI's identity must be disclosed in order to test his or her reliability. The CI was not, however, providing uncorroborated information such that the defendant's past record of reliability is a crucial issue regarding the suffi-

ciency of the affidavit. *See United States v. Williams,* 3 F.3d 69, 72 (3d Cir.1993) (noting the importance of an informant's past reliability where information was uncorroborated; also noting that informant's past reliability is not the only means to establish his or her reliability). According to the police, the CI was searched to ensure that he or she did not have any drugs or paraphernalia before entering the defendant's home. The CI emerged from the home with a vial of cocaine base and his or her entrance and exit from the home was observed by the police. Thus, the CI's statement that he or she was sold drugs in the house was corroborated by independent evidence, namely the vial of cocaine base that the CI apparently procured while in the home. "A defendant who merely hopes (without showing a likelihood) that disclosure will lead to evidence supporting suppression has not shown that disclosure will be 'relevant and helpful to the defense ... or is essential to a fair determination' of the case." *United States v. Brown,* 3 F.3d 673, 679 (3d Cir.1993) (quoting *Roviaro,* 353 U.S. at 60–61, 77 S.Ct. 623).

On the other hand, the affidavit stated that the CI was reliable and had been used on two prior occasions. According to the defendant, the government agreed to provide certain discovery regarding the CI's reliability, but has refused to provide any identifying information. Apparently, the government has not yet produced any information regarding the CI. *See* Def. Mem. in Supp. of Mot. for Disclosure at 3 n. 3. Since the government has represented that the CI is reliable based on past actions, the defendant should be given nonidentifying information about those two prior occasions.

An appropriate Order follows.

### *ORDER*

**AND NOW,** this 27th day of November, 2000, upon consideration of the defendant's

---

4. According to the trial brief that the government submitted before the defendant filed his motion for disclosure of the CI's identity and his motion to suppress, the government does not intend to rely on the CI as a witness at trial.

Motion for Disclosure of Identity and Information Pertaining to the Confidential Informant (doc. 47), and the response thereto, it is hereby **ORDERED** that the motion is **GRANTED** in part. The government shall, within five (5) days of the date of this Order, supply the defendant with information regarding the use and reliability of the confidential informant on the prior occasions referenced in search warrant number 92731. Information specifically identifying the confidential informant may be redacted.

The motion is otherwise **DENIED** with leave to renew at the time of trial, should the government call the confidential informant as a witness.

**BY THE COURT:**