**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

              v.

ARTHUR NAPIER,
              *Defendant-Appellant.*

No. 04-10249

D.C. No.
CR-01-00529-GEB

OPINION

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Argued and Submitted
December 8, 2005—San Francisco, California

Filed February 7, 2006

Before: Stephen S. Trott, Thomas G. Nelson, and
Richard A. Paez, Circuit Judges.

Opinion by Judge Trott

**COUNSEL**

Donald Thomas Bergerson, San Francisco, California, for the defendant-appellant.

Kenneth J. Melikian, United States Attorney's Office, Sacramento, California, for the plaintiff-appellee.

**OPINION**

TROTT, Circuit Judge:

Appellant, Arthur Napier, contends that the district court erred by refusing to unseal a sealed attachment to the search warrant affidavit that ultimately paved the way to his arrest and conviction. The attachment detailed activity by a confidential informant. Napier argues that by sealing the attachment and by keeping it sealed, the government prevented him from making the substantial preliminary showing required by *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), for an evidentiary hearing to test the validity of a search warrant affidavit. Napier asserts that this situation violated his due process rights. We disagree. Napier's interest in testing the validity of the warrant through a *Franks* hearing is not absolute and must be balanced with other competing interests. The district court properly balanced Napier's rights with the government's competing interests in determining that the sealed portions of the search warrant affidavit should remain sealed. Furthermore, the district court correctly concluded that, at the end of the

day, Napier failed to make the requisite substantial preliminary showing to be entitled to a *Franks* hearing.

We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.

# I

## BACKGROUND

On October 11, 2001, a California superior court judge signed a warrant that authorized a search of Napier's person, three of his vehicles, and Napier's residence. The officers seeking the warrant requested that the court seal an attachment to the affidavit—Attachment A—filed in support of the warrant. The attachment described two police-supervised and surveilled drug purchases during September and October of that year by a confidential informant from Napier. Based on Napier's criminal record of drug trafficking and violence, the police officer affiant stated that this part of the affidavit must be sealed to (1) protect the safety of the confidential informant, and (2) to protect the confidential informant's identity in other ongoing investigations. The superior court judge, finding that the details of the two sales would allow Napier to ascertain the identity of the confidential informant, sealed that discrete part of the affidavit.

Later that day, the affiant and the sheriff's deputies arrived at Napier's residence to execute the search warrant. Before executing the warrant, the deputies observed Napier driving off in one of the vehicles identified in the search warrant. The affiant recognized Napier as the person who had sold drugs to his confidential informant as referenced in Attachment A. They stopped Napier, executed the search warrant on the vehicle and on Napier's person, and found small quantities of cocaine powder and cocaine base. Deputies then executed the search warrant at Napier's home, where they discovered approximately 450 grams of powder cocaine, a little over 28

grams of rock cocaine, a scale, and equipment used to convert powder cocaine into rock cocaine.

On December 6, 2001, the federal government filed a two-count indictment charging Napier with (1) possessing cocaine base with the intent to distribute, and (2) possessing cocaine with the intent to distribute. Napier was not charged with the two sales to the confidential informant.

On December 14, 2001, after being released on bond, Napier pled not guilty. He subsequently filed a motion to unseal Attachment A. On September 6, 2002, the motion was conditionally denied pending a filing by the government of a redacted version of the sealed attachment. On October 2, 2002, the government submitted the redacted version, which Napier asserted fell short of what he needed to challenge the warrant in an adversary proceeding. The redacted attachment gave no specifics about details, times, or locations of the purchases.

Napier moved for reconsideration of his denied motion. On May 2, 2003, the district court held an evidentiary hearing on the issue of sealing. The search warrant affiant, the detective who had supervised the two sales between the confidential informant and Napier, was questioned. The detective confirmed that the justification for sealing presented to the state superior court judge and the district court judge had not changed, and that the need for keeping the information confidential remained. After receiving supplemental briefing and hearing legal argument, the district court denied reconsideration of its earlier ruling on the unsealing motion.

In September 2003, Napier filed a motion to suppress. He argued that the court's adverse ruling on the content of Attachment A made it impossible for him to make a particularized argument, but asked the court to conduct its own *Franks* review. The court denied the motion. Napier then changed his plea and entered a plea of guilty to count two of

the indictment. This plea agreement provided for dismissal of count one of the indictment and preserved Napier's right to appeal the district court's rulings regarding the sealed portions of the affidavit. On April 16, 2004, Napier was sentenced to 135 months imprisonment, followed by a term of supervised release, and a $100 fine. On April 19, 2004, Napier timely filed his Notice of Appeal.

## II

## STANDARD OF REVIEW

We review de novo a district court's decision regarding the scope of a constitutional right. *See Buono v. Norton*, 371 F.3d 543, 548 (9th Cir. 2004). The district court's decision to protect the identity of a confidential informant is reviewed for an abuse of discretion. *United States v. Sanchez*, 908 F.2d 1443, 1451 (9th Cir. 1990). We review de novo a district court's decision not to conduct a *Franks* hearing. *See United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004).

## III

## DISCUSSION

### A.  Competing Rights And Privileges

**[1]** In *Franks*, the Supreme Court held that the Fourth Amendment entitles a defendant to challenge the validity of a search warrant affidavit if the defendant makes a substantial preliminary showing that the affiant "knowingly and intentionally, or with reckless disregard for the truth" inserted a false statement in the warrant affidavit. 438 U.S. at 155-56. Here, because Napier was not permitted to examine the sealed portions of the search warrant, he asserts that he was wrongly thwarted from making the "substantial preliminary showing" required by *Franks*. Napier argues that because *Franks* recognized a defendant's right to challenge the truthfulness of war-

rant affidavits, it necessarily means that any interference with the defendant's ability to mount that challenge is impermissible.

**[2]** We find this argument untenable. Although we agree that *Franks* identifies an important right—testing the validity of a search warrant—we disagree that *Franks* creates an unlimited right to access all information possibly needed to meet the preliminary showing requirement. Napier's interest, although significant, must be balanced against other values. Here, that value is the government's interest in maintaining integrity of ongoing criminal investigations and ensuring the safety of the informant. *See Roviaro v. United States*, 353 U.S. 53, 60-64 (1957) (recognizing "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law").

**[3]** Napier argues that *Roviaro* is not applicable because he was not asking for the identity of the informant. We disagree. The privilege identified in *Roviaro* protects more than just the name of the informant and extends to information that would tend to reveal the identity of the informant. *Id.* at 59-60. As articulated in *Roviaro*, the scope of the government's privilege is as great as the "underlying purpose" of the privilege. *Id.* The purpose of the privilege is to protect the anonymity of the confidential source. *Id.* at 59. Thus, the information regarding the drug sales sought by Napier, which would tend to reveal the informant's identity, is protected to the same extent as the confidential informant's name. Consequently, Napier's assertion that the privilege identified in *Roviaro* is inapplicable to this case is incorrect.

As we recognized in *United States v. Kiser*, courts must balance two important considerations: the right announced in *Franks*, on one hand, and the competing interest in keeping confidential the identity of an informant, on the other. 716 F.2d 1268, 1273 (9th Cir. 1983) ("We must reconcile the right

announced in *Franks* with the informer's privilege recognized in *Roviaro* . . . .") (internal citations and quotation marks omitted). Therefore, because it is axiomatic that a right that must be balanced against other rights cannot be absolute, Napier's assertion is unsupported.

**[4]** Napier's argument for an absolute right is further weakened by the Supreme Court's determination that due process requirements at suppression hearings are less elaborate and demanding than those at trial. *United States v. Raddatz*, 447 U.S. 667, 679 (1980). As set forth by the Supreme Court, in a suppression hearing:

> [w]e are not dealing with the trial of the criminal charge itself. There the need for a truthful verdict outweighs society's need for the [confidential] privilege. Here, however, the accused seeks to avoid the truth. The very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand, not because its probative force is diluted in the least by the mode of seizure, but rather as a sanction to compel enforcement officers to respect the constitutional security of all of us under the Fourth Amendment. If the motion to suppress is denied, defendant will still be judged upon the untarnished truth.

*McCray v. Illinois*, 386 U.S. 300, 307, reh'g denied, 386 U.S. 1042 (1967).

**[5]** It is for this reason the Supreme Court noted in *Franks* that, notwithstanding the defendant's interest in showing that a search warrant contained a false statement, "[t]here is, of course, a presumption of validity," and that the presence of "competing values . . . lead us to impose limitations." 438 U.S. at 165, 171. Consequently, because the underlying *Franks* interest that forms the basis for the right asserted by Napier is one that has limits, it follows that any rights and

interests that build upon that interest must also be limited and balanced.

### B.  Balancing Rights And Interests

Having recognized Napier's interest in meeting the substantial showing requirements of *Franks* and the government's interest in keeping the identity of the informant confidential, we must determine under the "the particular circumstances of [this] case," *Roviaro*, 353 U.S. at 62, whether the district court abused its discretion by balancing these interests and ultimately deciding to deny Napier's motion to unseal. A court abuses its discretion if its decision "lies beyond the pale of reasonable justification under the circumstances." *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000). For the reasons set forth below, we conclude that the district court properly exercised its discretion.

The sole basis offered by Napier for his potential *Franks* motion was his naked claim that he never sold drugs to anyone in September and October of 2001. Napier further asserts that because he never sold drugs during these months, he could not have sold any drugs to the confidential informant as alleged in the search warrant. Napier makes this assertion in the face of the facts that (1) when the search warrant was executed a short time after the two sales to the informant, law enforcement officers found large quantities of drugs, a scale, packaging materials, and other items typically used to make rock cocaine, and (2) as developed in an evidentiary hearing, he was personally identified by surveillance officers as the person who met with the informant on the occasions in question.

[6] A review of the district court's rulings and hearing transcripts shows that the district court correctly followed procedures and methods established by the Ninth Circuit to balance the interests at issue. These procedural steps are, by themselves, evidence that the district court properly considered

Napier's interests and made efforts to reconcile those interests with the government's interests in protecting the confidentiality of the informant.

For instance, the district court recognized, and Napier acknowledged at oral argument, that courts have "sanctioned procedures where you don't give the name of an informant, and you redact certain, very closely identifying pieces of information that would . . . identify an informant." *See*, *e.g.*, *United States v. Dixon*, 123 F. Supp. 2d 275, 278 (E.D. Pa. 2000) ("Information specifically identifying the confidential informant may be redacted.").

**[7]** Consistent with this acknowledgment and in an attempt to provide Napier with as much information as possible, the district court ordered the government to provide Napier with a redacted version of Attachment A. The government complied with this order. Napier asserted to the district court that the redacted version failed to provide him with enough information to meet the initial burden required for a *Franks* hearing.

**[8]** However, after Napier moved for reconsideration, the district court granted Napier an evidentiary hearing, at which the search warrant affiant, Detective Meredith, testified and was subject to questioning by Napier. Even though the district court prevented Napier from asking certain questions which would tend to reveal the identity of the confidential informant, the hearing gave Napier an additional opportunity to gather information and to test the validity of the affidavit as well as the credibility of the detective. The hearing served also the important purpose of confirming to the district court that the reasons given to the court for sealing the affidavit continued to exist.

In addition to the redacted attachment and evidentiary hearing, the district court took the extra precaution—to which the government consented—of asking Napier if he wanted an *in*

*camera* hearing where the judge would question the confidential informant to determine whether the sealed information involving the informant was truthful, and whether Napier had made a threshold showing of falsehood. Napier stated that he did not want the hearing and that it would be unhelpful and that he was entitled to Attachment A, period.

> The Court: I'm trying to figure out if there's any reason for the court to contemplate any kind of *in camera* proceeding.

> Counsel for Napier: I can see no value in an *in camera* proceeding in settling any of the questions that are currently pending before the court. And that's been my position from day one of this.

**[9]** In *Kiser*, we identified *ex parte, in camera* hearings as a means by which defendants could pursue their claims of affiant misconduct in cases involving information from confidential informants. 716 F.2d at 1273. We held that where a defendant makes a "substantial preliminary showing" of false statements in an affidavit involving a confidential informant, the defendant is then entitled to an *ex parte*, *in camera* hearing to evaluate the defendant's claims and to determine whether the defendant "is entitled to an open evidentiary hearing on his *Franks* claim." *Id.* To quote the *Kiser* majority,

> The *in camera* procedure provides an equally-acceptable accommodation of the competing interests of the Government and the accused in the situation presented here, wherein the question is whether a law enforcement officer has lied. Through disclosure of the informer's identity to the trial judge, and such subsequent inquiries by the judge as may be necessary, the Government can be protected from any significant, unnecessary impairment of necessary secrecy, yet the defendant can be saved from what could be serious police misconduct.

*Kiser*, 716 F.2d at 1273 (quoting *United States v. Moore*, 522 F.2d 1068, 1072-73 (9th Cir. 1975)).

**[10]** Each of these procedures, the revelation of additional information from the affidavit, the evidentiary hearing, and the rejected opportunity for *in camera* review, establishes that the district court was aware of the defendant's interests and took careful steps to protect those interests by providing Napier with as much information as possible, and thus, an opportunity to meet the substantial showing requirement for a *Franks* hearing. On the basis of all the information then before the district court, the court then concluded that Napier "has not shown why that information is insufficient for him to know whether he could raise a *Franks* issue." In so doing, the district court correctly ruled that the government's interests remained paramount and that the sealed portions of the affidavit—which we have reviewed- should remain sealed. In these circumstances, the district court did not err in any respect.

## C.  The District Court Correctly Denied Napier's Motion To Suppress

In light of our determination that Attachment A properly remained sealed, Napier's assertion that the district court erred by denying his motion to suppress fails. Napier requested the unsealing of the search warrant for one primary reason—to make a motion to suppress evidence pursuant to *Franks*.

As set forth above, a defendant is entitled to a *Franks* hearing if he makes a substantial preliminary showing that a false statement was deliberately or recklessly included in the search warrant affidavit and that the statement was necessary to the magistrate's finding of probable cause. 438 U.S. at 155-56. In *Franks*, the Supreme Court stated that a search warrant affiant is afforded a presumption of validity. *Id.* at 171. This presumption is bolstered, where as here, the incriminating results

of the search and the in court testimony of the affiant substantially undermined Napier's offer of proof. Moreover, he weakened his claim that he sold no drugs during the time of the sales by declining the court's offer to examine the informant on that score; and he offered no other evidence to support what the full record before the court demonstrates to have been nothing more than a self-serving and doubtful denial. Consequently, Napier made no substantial preliminary showing of a entitlement to a *Franks* hearing.

**[11]** In sum, Napier has failed to articulate any substantial reason why the additional sealed information he might have received would have helped him meet the initial burden required for a *Franks* hearing. Thus, Napier had no basis for a *Franks* hearing and, therefore, had no support for his motion to suppress. Accordingly, we conclude that the district court properly refused Napier a *Franks* hearing and correctly denied his motion to suppress.

**IV**

**CONCLUSION**

Napier's arguments that the district court erred by refusing to unseal the sealed portions of the search warrant affidavit are unfounded. Napier does not have an absolute right to test the veracity of the information contained in the search warrant. The district court correctly balanced the government's interest of keeping the informant's identity confidential against Napier's interest in testing the truthfulness of the information contained in the sealed portion of the search warrant affidavit. AFFIRMED.