**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10239 |
| Plaintiff - Appellee, | D.C. No. CR 06-00711-SI |
| v. | |
| CODY DOBBS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted November 5, 2009
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Defendant Cody Dobbs appeals his convictions on two counts of
manufacture and possession with intent to distribute marijuana, in violation of 21
U.S.C. § 841(a)(1), and two conspiracy counts, in violation of 21 U.S.C. § 846.
We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1. Reviewing de novo, United States v. Davis, 530 F.3d 1069, 1077 (9th Cir. 2008), we hold that the district court correctly denied Defendant's motion to suppress because the investigating agents did not enter the curtilage of the 80-acre property at 4589 Crooked Prairie Road. None of the four factors described by the Supreme Court in United States v. Dunn, 480 U.S. 294, 300-01 (1987), weighs in favor of a finding that the agents entered the curtilage.

First, the agents stood 75 yards from the residence. See id. at 302 (holding that a distance of 60 yards from the residence on a 198-acre property was a "substantial distance [that] supports no inference" that the agents were within the curtilage); Davis, 530 F.3d at 1078 (holding that a distance of 60 yards from the residence on a rural property was not within the curtilage). Second, the agents stood on the driveway, "a distinct portion of [the property], quite separate from the residence," Dunn, 480 U.S. at 302, and never entered the clearing surrounding the residence. "Even if we accepted that the [clearing] itself was part of the curtilage, all of [the agents'] observations were made from the area outside the [clearing]." Davis, 530 F.3d at 1078. Third, there is no indication that this portion of the driveway—75 yards from the residence—was used for any intimate activities associated with the home. See United States v. Roberts, 747 F.2d 537, 541-42 (9th Cir. 1984) (holding that a shared private road was not within the curtilage, in part

2

because "[t]he activities conducted on a road . . . are impersonal, public activities"). As in Davis, 530 F.3d at 1079, the agents here smelled marijuana (and saw marijuana plants) while standing outside the clearing. "[A] marijuana growing operation . . . is not an intimate activity of the home." Id. (internal quotation marks omitted). Fourth, the remote, heavily wooded area with "no trespassing" signs suggests some—but very few—steps taken to "protect the area from observation by people passing by." Dunn, 480 U.S. at 301. As in Davis, 530 F.3d at 1079, we conclude that, "at best, this factor is neutral."

2. Reviewing de novo, United States v. Napier, 436 F.3d 1133, 1136 (9th Cir. 2006), we hold that the district court correctly declined to conduct a Franks hearing concerning Defendant's allegation that the search warrant for 3541 Osprey Terrace contained "deliberate or reckless omissions of facts that tend to mislead," United States v. Stanert, 762 F.2d 775, 780-81 (9th Cir. 1985). There was no evidence that "the affidavit contain[ed] intentionally or recklessly false statements." Id. at 780 (internal quotation marks omitted). Furthermore, "the affidavit purged of its falsities" would still support a finding of probable cause. Id. (internal quotation marks omitted). Finally, we hold that the district court correctly held that Tom Golden was a reliable source under Illinois v. Gates, 462 U.S. 213 (1983).

3

3.  The district court did not abuse its discretion when it limited cross-examination of Eddie Shields.  See United States v. Larson, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc) (holding that we review for abuse of discretion a district court's "limitation on the scope of cross-examination within an area of inquiry"), cert. denied, 128 S. Ct. 1647 (2008).  Because the jury had an extraordinary amount of evidence with which to assess Shields' credibility, the district court acted within its discretion to exclude Shields' speculation about merely potential, discretionary reductions in his sentence.  See id. at 1103 (holding that one factor is "whether the exclusion of evidence left the jury with sufficient information to assess the credibility of the witness" (brackets and internal quotation marks omitted)); cf. id. at 1106 (holding that a district court permissibly can exclude testimony about "[t]he potential maximum statutory sentence that a cooperating witness might receive").

4.  The district court did not abuse its discretion when it limited the testimony of Defendant's expert, Christopher Conrad.  See United States v. W.R. Grace, 504 F.3d 745, 759 (9th Cir. 2007) (stating standard of review), cert. denied, 128 S. Ct. 2964 (2008).  The district court permissibly concluded that the proposed area of questioning could confuse the jury.  "An appellate court will not reengage

in a balancing of the probative value and prejudicial effect." Id. at 760 (brackets and internal quotation marks omitted).

5. The district court correctly denied sanctions for the government's late disclosure of the tape recording. See United States v. Alvarez, 86 F.3d 901, 905 (9th Cir. 1996) (holding that we review for abuse of discretion a district court's determination regarding whether a Jencks Act violation occurred); United States v. Echeverry, 759 F.2d 1451, 1456 (9th Cir. 1985) (holding that we review for abuse of discretion a district court's determination regarding whether to impose sanctions for a Jencks Act violation); United States v. Collins, 551 F.3d 914, 923 (9th Cir. 2009) (holding that we review de novo an alleged Brady violation). As in United States v. Dupuy, 760 F.2d 1492, 1497 (9th Cir. 1985), the late disclosure did not prejudice Defendant, and there is no evidence of bad faith. There also is no "reasonable probability that, had the evidence been [timely] disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985).

**AFFIRMED.**