**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROGER KIM FAIRCHILD,

             Petitioner - Appellant,

   v.

LARRY WRIGHT, Warden, South Idaho
Correctional Inst.,

             Respondent - Appellee.

No. 07-35388

D.C. No. CV-99-00338-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted January 12, 2010[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA and TALLMAN, Circuit Judges.

    Roger Kim Fairchild, an Idaho state prisoner, appeals the district court's

denial of his habeas corpus petitioner. We have jurisdiction under 28 U.S.C. §

2253(a). We affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review *de novo* the district court's denial of a petition for habeas corpus. Lewis v. Mayle, 391 F.3d 989, 995 (9th Cir. 2004). Because Fairchild filed his federal habeas petition in 1999, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Fairchild's claims. 28 U.S.C. 2254(d)(1); see also Penry v. Johnson, 532 U.S. 782, 792 (2001).

Under AEDPA, a federal court may not grant a state prisoner's habeas petition with respect to any claim adjudicated on the merits unless the relevant state-court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d). In order to establish that a state court decision is "contrary to … clearly established Federal Law, as determined by the Supreme Court" the petitioner must either show that the state court applied "a rule that contradicts the governing law set forth in [Supreme Court] cases" or that the state court confronted "a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court unreasonably applies federal law when it correctly identifies the governing rule but is "objectively

unreasonable" in its application of federal law to the facts of the prisoner's case. Id. at 407-10.

The district court correctly denied Fairchild's petition for a writ of habeas corpus. First, the Idaho courts reasonably applied federal law in determining that Fairchild was not entitled to disclosure of the identities of the confidential informants for purposes of preparing for trial or for the suppression hearing. The identities of the confidential informants were not relevant to Fairchild's trial defense against the possession offenses, because the informants' statements were used only to support the probable cause determination for the underlying search warrant. See Roviaro v. United States, 353 U.S. 53, 59–61 (1957). Nor was Fairchild entitled to disclosure of the confidential informants' identities at the suppression hearing, because probable cause did not rely on their identities, McCray v. Illinois, 386 U.S. 300, 312 (1967), and Fairchild did not make a sufficient preliminary showing that disclosure would tend to prove that the underlying affidavit was intentionally or recklessly false in stating that a "controlled buy" had occurred, Franks v. Delaware, 438 U.S. 154, 171-72 (1978).

Second, the Idaho Court of Appeals reasonably applied federal law in determining that the identities of the unnamed police officers, the disclosure of which would reveal the identity of at least one confidential informant, were also

3

protected by the confidential informant's privilege. <u>United States v. Napier</u>, 436 F.3d 1133, 1136 (9th Cir. 2006).

Finally, we affirm the district court's finding that the state court's denial of petitioner's motion to continue the suppression hearing did not deprive petitioner of due process, because petitioner filed multiple motions, each of which the court ruled on, and because petitioner's lawyer was dilatory in filing a request to examine the evidence. <u>See</u> <u>Ungar v. Sarafite</u>, 376 U.S. 575, 589 (1964). We also reject petitioner's probable cause claim because he had a full and fair opportunity to litigate the claim in state court. <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 481-82 (1976).

**AFFIRMED.**