NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| BRUCE M. MOELLER, | ) | No. 09-16454 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 2:01-cv-02351-FCD-JFM |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| KAMALA D. HARRIS,[**] Attorney | ) | |
| General; SUPERIOR COURT OF | ) | |
| SAN JOAQUIN COUNTY, | ) | |
| | ) | |
| Respondents – Appellees. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., Senior District Judge, Presiding

Argued and Submitted April 12, 2011
San Francisco, California

Before: FERNANDEZ, RAWLINSON, Circuit Judges, and WELLS,[***]
District Judge.

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]Kamala D. Harris is substituted for her predecessor, Bill Lockyer, as Attorney General. Fed. R. App. P. 43(c)(2).

[***]The Honorable Lesley Wells, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Bruce Moeller appeals the district court's denial of his petition for habeas corpus relief.  See 28 U.S.C. § 2254.  We affirm.

It is important to note that, as relevant here, we may not order issuance of a writ of habeas corpus unless the state courts' adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see also Lockyer v. Andrade, 538 U.S. 63, 70–71, 123 S. Ct. 1166, 1172, 155 L. Ed. 2d 144 (2003).  The "'clearly established' phrase 'refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision.'"  Id. at 71, 123 S. Ct. at 1172.  And to be an unreasonable application, "[t]he state court's application of clearly established law must be objectively unreasonable."  Id. at 75, 123 S. Ct. at 1174.

(1)    Moeller first contends that his clearly established right to the assistance of counsel[1] was violated when the state trial court conducted an in camera proceeding as to a major portion of the hearing to suppress evidence on the basis that a search pursuant to a warrant was improper.[2]  We disagree.  Moeller's

_____

[1]U.S. Const. amend. VI.

[2]U.S. Const. amend. IV.

2

counsel was excluded from the in camera portion of the hearing.[3]  That approach

was followed for the purpose of implementing the informant's privilege.

The Supreme Court has stated that in order to implement the informant's

privilege during suppression hearings, the defendant can be precluded from cross-

examining the informant and, for that matter, from cross-examining officers

regarding the informant's identity.  McCray v. Illinois, 386 U.S. 300, 313–14, 87

S. Ct. 1056, 1064, 18 L. Ed. 2d 62 (1967); see also United States v. Anderson, 509

F.2d 724, 730 (9th Cir. 1975).  Moreover, the Court has indicated that the

informant's privilege also extends to the contents of his disclosures if those would

disclose his identity.  See Roviaro v. United States, 353 U.S. 53, 60, 77 S. Ct. 623,

627, 1 L. Ed. 2d 639 (1957); United States v. Napier, 436 F.3d 1133, 1136 (9th

Cir. 2006).  In addition, the Court has noted that a suppression hearing is not like a

trial because the latter seeks truth, while the former seeks to avoid the truth.

McCray, 386 U.S. at 307, 87 S. Ct. at 1060.

Nevertheless, Moeller insists that an accused is entitled to counsel at the

critical stages of the proceeding against him.  See United States v. Cronic, 466 U.S.

648, 659 & n.25, 104 S. Ct. 2039, 2047 & n.25, 80 L. Ed. 2d 657 (1984).  And, as

---

[3]As the parties agree, in general that was conducted pursuant to procedures approved by the California Supreme Court.  See People v. Hobbs, 7 Cal. 4th 948, 971–75, 873 P.2d 1246, 1259–62, 30 Cal. Rptr. 2d 651, 664–67 (1994).

we have said, a pretrial motion to suppress is a critical stage. United States v. Hamilton, 391 F.3d 1066, 1070 (9th Cir. 2004).

However, Cronic does not require a different conclusion. First, there can be little doubt that McCray and Roviaro contemplated that counsel, as well as the defendant, could be precluded from cross-examining the witnesses, where necessary, and Cronic did not overrule those cases or the principles on which they rested. Second, counsel was not precluded from assisting Moeller during the proceedings; counsel was only excluded from the in camera portion of the hearing; the state courts reasonably deemed that necessary to protect the privilege. Third, counsel could (and did) submit questions to the trial court for its use in the in camera hearing, and counsel was given the portion of the warrant that did not need to be redacted to protect the informant. Finally, counsel did in fact vigorously argue Moeller's position to the trial court.

In short, we do not doubt that there is tension between the concept of the right to counsel and the concept that there should be an informant's privilege that limits the reach of that right. Nonetheless, what is clear is that we cannot say that the procedure followed by the California courts violated clearly established Supreme Court law.

(2)    Moeller then contends that the state courts violated his clearly

4

established right to due process[4] when they used the in camera procedure. Again, we must disagree. What the Supreme Court has said is that an informant's identity need not be revealed at a suppression hearing, and that a failure to reveal it does not violate due process. See McCray, 386 U.S. at 312–13, 87 S. Ct. at 1063. And, again, the privilege also covers the contents of the informant's disclosures, if those would reveal the informant's identity. See Roviaro, 353 U.S. at 60, 77 S. Ct. at 627; Napier, 436 F.3d at 1136; Anderson, 509 F.2d at 730. Although the privilege must sometimes give way at trial, a defendant's interests are "of a lesser magnitude" at a suppression hearing. United States v. Raddatz, 447 U.S. 667, 679, 100 S. Ct. 2406, 2414, 65 L. Ed. 2d 424 (1980).

In fine, when all is said and done, the state courts are entitled to a great deal of leeway in this area,[5] and we cannot say that the California courts violated clearly established Supreme Court law.

AFFIRMED.

---

[4]U.S. Const. amend. XIV, § 1.

[5]See Renico v. Lett, ___ U.S. ___, ___, 130 S. Ct. 1855, 1864, 176 L. Ed. 2d 678 (2010) (stating that the more general the standard, the more leeway afforded); Roviaro, 353 U.S. at 62–63, 77 S. Ct. at 628–29 (stating there is no fixed rule on disclosure; balancing required).