
**NOT FOR PUBLICATION**

JUL 21 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10298 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00052-MCE-3 |
| v. | |
| BOUNSOU VORASANE, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10299 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00052-MCE-4 |
| v. | |
| KAY VIENGKHAM, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted June 11, 2014[]
San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and HAYES, District Judge.[***]

Defendants Bounsou Vorasane and Kay Viengkham appeal their jury convictions for conspiracy to cultivate, distribute, and possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

(1) Defendants first argue that the district court erred in failing to require the disclosure of portions of a search warrant affidavit which were redacted to protect the identity of a confidential informant.  We review the district court's decision to protect the identity of the confidential informant for an abuse of discretion, *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006), and affirm.  The district court denied Defendants' discovery motion for an unredacted copy of the search warrant affidavit, as well as Defendants' "revised motion for [an] *ex parte*, *in camera* hearing to examine the informant and affiant," concluding that Defendants' failed to make a "substantial preliminary showing" of falsehood by the affiant, as required by *United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983).  On

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

appeal, Defendants have failed to make any showing of falsehood by the affiant, let alone a "substantial preliminary showing." We therefore hold that the district court did not err in denying the disclosure of the redacted portions of the search warrant affidavit.

(2) Next, Defendants argue that the district court erred in denying Defendants' motion to suppress the evidence seized from the marijuana grow house pursuant to the search warrant. After reviewing the unredacted search warrant affidavit *in camera*, the district concluded that "the unredacted portions show certainly the basis for the trustworthiness [of the confidential informant]." On appeal, Defendants claim the search warrant lacked probable cause to support the search of the marijuana grow house because (1) the information was stale and (2) the search warrant lacked indicia of reliability as to the information conveyed by the confidential informant. Regarding Defendants' staleness argument, the government correctly asserts that this argument is waived because it was not raised below. *See Abogados v. AT&T, Inc.*, 223 F.3d 932, 937 (9th Cir. 2000). Moreover, after reviewing the unredacted search warrant affidavit *in camera*, we conclude that the information was not stale. Our *in camera* review of the unredacted search warrant affidavit also confirms that independent police investigatory work corroborated the confidential informant's tip "to such an extent

3

that it supports both the inference that the [confidential informant] was generally trustworthy and that he made his charge on the basis of information obtained in a reliable way." *Illinois v. Gates*, 462 U.S. 213, 268 (1983) (internal quotation marks omitted). As a result, the district court did not err in denying Defendants' motion to suppress the evidence because the Superior Court judge issuing the search warrant "had a substantial basis for . . . conclud[ing] that probable cause existed." *Id.* at 238 (omission and alteration in original) (internal quotation marks omitted).

(3) Finally, Defendants' raise several sentencing issues on appeal. Vorasane argues that the district court erred in denying him "safety valve relief" pursuant to 18 U.S.C. § 3553(f). The district court found that Vorasane was untruthful about whether he learned about marijuana in the grow house a month or two after he moved in, given that Vorasane lived in the house, aided in the cultivation of 357 marijuana plants in the house, and re-packaged the marijuana which was transported from the house to Texas. Because this factual determination was not clearly erroneous, we hold that the district court did not err in denying Vorasane safety valve relief. *See United States v. Real-Hernandez*, 90 F.3d 356, 360 (9th Cir. 1996). As a result, Vorasane was subject to a 60 month mandatory minimum

sentence under 21 U.S.C. § 841(b)(1)(B), and each of his additional claims of sentencing error are irrelevant.

Viengkham argues that the district court erred in attributing to her the 357 marijuana plants seized at the marijuana grow house. However, the district court, determined (1) that "the large amounts of marijuana and equipment utilized in the cultivation of that marijuana in the home . . . was in furtherance of a jointly undertaken criminal activity" and (2) that the cultivation of the 357 marijuana plants was "reasonably foreseeable in connection with that criminal activity," as required by *United States v. Ortiz*, 362 F.3d 1274, 1275 (9th Cir. 2004). Viengkham does not dispute that she had knowledge of the marijuana plants at the Fresno house. Accordingly, the district court did not clearly err[1] when it attributed the 357 marijuana plants found at the marijuana grow house to Viengkham. As a result, Viengkham was also subject to the mandatory minimum sentence of 60 months' imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B), and her additional claims of sentencing error fail.

AFFIRMED.

---

[1] Both parties agreed that the district court's determination of the amount of marijuana attributable to Viengkahm is reviewed for clear error.