**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30078 |
| Plaintiff-Appellee, | D.C. No.<br>1:14-cr-00168-BLW-1 |
| v. | |
| WILLIAM ROGER WILKINSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted June 16, 2017
Seattle, Washington

Before:  BYBEE and M. SMITH, Circuit Judges, and DORSEY,[**] District Judge.

Following a four-day jury trial, defendant-appellant William Roger

Wilkinson received a 130-year sentence after he was convicted on three counts of

sexual exploitation of children in violation of 18 U.S.C. § 2251(a), one count of

possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

one count of access with the intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Before trial, the district court denied Wilkinson's motion to suppress evidence obtained under four different search warrants, request for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), and motion in limine to exclude testimony of the government's expert. And the district court granted the government's motion in limine to admit evidence of uncharged acts of child molestation. Wilkinson appeals those pre-trial decisions and the substantive reasonableness of his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.   **The search warrants pass constitutional muster.**

Wilkinson offers a host of reasons why the district court should have suppressed evidence seized under the warrants to search his home, electronic devices, and truck. We review suppression decisions de novo and the underlying factual findings for clear error. *United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011). We also review the issuance of a search warrant for clear error, and we give "great deference" to a magistrate judge's finding of probable cause. *United States v. Krupa*, 658 F.3d 1174, 1177 (9th Cir. 2011).

   *a.*   ***Residential search warrant***

The question for the magistrate judge issuing a search warrant is whether,

under the "totality-of-the-circumstances" set forth in the affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Interpreting the affidavit in a "commonsense[ ] manner" and paying "great deference" to the magistrate's finding of probable cause, as we must, *id.* at 236 (quotation marks and quoted references omitted), we do not find that the affidavit supporting the search warrant of Wilkinson's home was deficient. The affidavit contains relevant statements from the victim, her mother, and her grandfather that would lead a magistrate judge to reasonably conclude that evidence that Wilkinson sexually abused the victim would be found at the address.

Wilkinson complains that two categories of items listed in the warrant are overbroad: videos and electronic data containing images of minor children. This is a distinction without a difference because law enforcement did not search the electronics or seize any video or electronic data under the residential search warrant; they obtained other warrants to do that. *See United States v. Clark*, 31 F.3d 831, 836 (9th Cir. 1994) ("The remedy for an overbroad search warrant is suppression of the seized evidence. The court need suppress, however, only those items seized pursuant to the invalid portion of a search warrant.").

***b.***      ***Warrants to search electronics seized from Wilkinson's home***

Wilkinson argues that evidence obtained under two warrants to forensically search electronics seized from his home should be suppressed because the warrants are not sufficiently particular. Wilkinson did not provide the district court any authority or analysis to demonstrate why the warrants fail the particularity requirement, nor did he object when the court did not rule on this issue in denying his suppression motion. Because he failed to adequately raise this argument below, we deem it waived. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (noting that an issue will generally be deemed waived on appeal if not sufficiently raised below).

***c.***      ***Warrant to search Wilkinson's truck***

Wilkinson next contends that the 15-day delay between the seizure of his truck and the warrant to search it was unreasonable. "An unreasonable delay between the seizure of a package and obtaining a search warrant may violate the defendant's Fourth Amendment rights. The touchstone is reasonableness." *United States v. Sullivan*, 797 F.3d 623, 633 (9th Cir. 2015). In determining reasonableness, "[w]e must balance 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *Id.* (quoting *United States*

*v. Place*, 462 U.S. 696, 703 (1983)).

The extent of the intrusion on Wilkinson's possessory interest in the truck was minimal given the totality of the circumstances. The government had a legitimate interest in seizing and retaining the truck based on the likelihood that it was evidence of Wilkinson's suspected crimes. The government's course of conduct was reasonable.

Wilkinson has not persuaded us that the warrants to search his home, truck, or electronics fail to satisfy the Fourth Amendment's requirements. We therefore affirm the trial court's decision denying Wilkinson's suppression motion.

**2.      Wilkinson was not entitled to a *Franks* hearing.**

Wilkinson next argues that the district court erred when it denied his request for an evidentiary hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), because he made the requisite preliminary showing that false statements were intentionally or recklessly included in the affidavit supporting the forensic search warrants and the statements were necessary to a finding of probable cause. *See United States v. Kiser*, 716 F.2d 1268, 1271 (9th Cir. 1983). "We review de novo a district court's decision not to conduct a *Franks* hearing." *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006).

Wilkinson claims that three facts in the affidavit about what the victim stated

5

during her social-services interview are deliberately false. But the supporting affidavit contains sufficient factual detail to believe that this evidence would be found on Wilkinson's electronics without the challenged statements, and therefore the challenged statements were not necessary to find probable cause. We thus affirm the trial court's decision denying Wilkinson's request for a *Franks* hearing.

**3.     The district court's evidentiary rulings are sound.**

Wilkinson appeals from the district court's evidentiary decisions: (1) denying his motion to exclude testimony from a counselor of child victims of sexual abuse regarding delayed disclosure and (2) granting the government's motion to admit testimony by the victim about uncharged acts of child molestation that Wilkinson committed against her.

### *a.     Expert-opinion evidence*

A district court's decision to admit expert-opinion testimony, and its finding that evidence is more probative than prejudicial, are reviewed for abuse of discretion. *United States v. Gonzales*, 307 F.3d 906, 909 (9th Cir. 2002); *United States v. LeMay*, 260 F.3d 1018, 1024 (9th Cir. 2001). Wilkinson argues that the counselor's testimony should have been excluded under Federal Rule of Evidence 702 because it was neither helpful nor reliable. The district court found that the counselor's testimony would be helpful to the jury, and the record supports that

finding. The district court also found that the counselor's testimony was reliable because her opinions were based on sufficient data from her own experience, and the record supports that finding.

### b. Uncharged-acts evidence

Wilkinson argues that the victim's testimony about uncharged acts of molestation was neither helpful to the jury nor practically necessary to prove the charges against him, and its probative value was substantially outweighed by its highly prejudicial impact. We have articulated five factors that district courts "must evaluate in determining whether to admit evidence of a defendant's prior acts of sexual misconduct." *See LeMay*, 260 F.3d at 1027–28. The district court did not abuse its discretion in applying those factors.

We therefore affirm the district court's evidentiary rulings.

## 4. The district court did not abuse its discretion when sentencing Wilkinson.

Finally, Wilkinson argues that his 130-year sentence is substantively unreasonable because it is longer than necessary to achieve the legitimate goals of sentencing in light of his age and criminal history. When called to review the reasonableness of a sentence imposed, "we 'merely ask [ ] whether the trial court abused its discretion.'" *United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011) (alteration in the original) (quoting *Rita v. United States*, 551 U.S. 338, 351

7

(2007)). "A substantively reasonable sentence is one that is sufficient, but not greater than necessary to accomplish [18 U.S.C.] § 3553(a)(2)'s sentencing goals." *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quotation marks and quoted reference omitted).

The district court carefully evaluated the statutory factors under 18 U.S.C. § 3553(a). The record does not support Wilkinson's claim that the district court failed to meaningfully consider his characteristics and history. It fully considered both, but neither was truly remarkable, and both were greatly outweighed by the other factors. Accordingly, the district court did not abuse its discretion when sentencing Wilkinson to a term of 130 years.

Because the district court properly ruled on the pre-trial motions and did not impose a substantively unreasonable sentence, we

**AFFIRM.**