**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-30204 |
| Plaintiff-Appellee, | D.C. No. 9:16-cr-00028-DLC-2 |
| v. | |
| NICK WEST, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted October 19, 2023**
Portland, Oregon

Before: GILMAN,*** KOH, and SUNG, Circuit Judges.

Nick West ("West") appeals from the district court's order denying his

motion to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a denial of a motion under § 3582(c)(1) for abuse of discretion. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). A district court abuses its discretion "if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013)).

1. West contends that the district court failed to adequately consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). Specifically, West argues that the court did not appropriately weigh his serious medical issues and lack of access to effective medical care while incarcerated. However, even while "a judge is not required to exhaustively analyze every factor or to expound upon every issue raised by a defendant," *United States v. Wright*, 46 F.4th 938, 949 (9th Cir. 2022), review of the district court's order shows that the district court carefully considered these issues. The district court thoroughly examined the § 3553(a) factors and concluded that despite West's extraordinary and compelling medical condition, reducing his sentence to time served would "denigrate the extreme seriousness of his offenses and . . . undermine respect for the law." At bottom, West "take[s] issue with the balance the court struck." *Id.* at 948. But "'mere disagreement' with the weight [assigned to the § 3553(a)] factors 'does not amount to an abuse of discretion.'" *Id.* (quoting *Dunn*, 728 F.3d at 1159).

2

2. West also argues that the district court abused its discretion by denying West's motion without considering whether a partial sentence reduction, rather than a reduction to time served, was warranted. However, West concedes that his motion to reduce his sentence requested only a reduction to time served. In these circumstances, West has not shown that the district court's decision "lies beyond the pale of reasonable justification under the circumstances" so as to constitute an abuse of discretion. *United States v. Napier*, 436 F.3d 1133, 1137 (9th Cir. 2006) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)).

**AFFIRMED.**