**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>    v.<br><br>RODERICK LARKINS,<br><br>        Defendant - Appellant. | No. 23-3921<br><br>D.C. No.<br>3:21-cr-00250-MO-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted February 3, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

After entering a guilty plea to possession with intent to distribute heroin in

violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), Defendant Roderick Larkins

appeals the district court's denial of his motion to suppress evidence and for a *Franks*

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. A district court's denial of a motion to suppress is reviewed de novo. *United States v. Jones*, 286 F.3d 1146, 1150 (9th Cir. 2002).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Generally, "evidence will only be excluded in federal court when it violates federal protections . . . and not in cases where it is tainted solely under state law." *United States v. Cormier*, 220 F.3d 1103, 1111 (9th Cir. 2000).[1]

Defendant contends that the district court erred when it denied his motion to suppress the fruits of the searches conducted pursuant to the search warrants at issue here. Namely, Defendant argues that because Officer Stewart's oaths were not recorded, and because Officer Stewart failed to sign the affidavits until after the issuance of the search warrants, the fruits of the searches conducted pursuant to the search warrants must be suppressed.

The Constitution does not require the audio recording of telephonic oaths. That Officer Stewart's oaths regarding his affidavits supporting the search warrants

---

[1] Neither of the two exceptions to this general rule apply here.

were not recorded is therefore not a constitutional violation, and the district court did not err in denying Defendant's motion to suppress evidence on that basis.

Officer Stewart's failure to sign the affidavits until after the execution of the search warrants also does not amount to a constitutional violation. The requirements of the Fourth Amendment were met here: the warrants were issued by a neutral magistrate judge, the warrants were supported by oath, and the warrants contained sufficient information to establish probable cause. The Constitution does not impose an additional signature requirement. Nor does the fact that the affidavits were unsigned detract from the warrants' establishment of probable cause, as Officer Stewart swore oaths regarding the veracity of the contents of the affidavits. The district court did not err in denying Defendant's motion to suppress evidence.

2. A district court's denial of a motion to conduct a *Franks* hearing is reviewed de novo. *United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006). A *Franks* hearing allows a defendant to challenge the validity of a search warrant by "challeng[ing] the truthfulness of factual statements made in an affidavit supporting the warrant." *Franks v. Delaware*, 438 U.S. 154, 155 (1978). A defendant is entitled to a *Franks* hearing when he makes "a substantial preliminary showing that the affidavit contains deliberate or reckless omissions of facts that tend to mislead." *United States v. Collins*, 61 F.3d 1379, 1384 (9th Cir. 1995). A defendant must also

"demonstrate that the affidavit supplemented by the omissions would not be sufficient to support a finding of probable cause." *Id.*

The police cannot "insulate one officer's deliberate misstatement merely by relaying it through an officer-affiant personally ignorant of its falsity." *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir. 1992) (internal quotation omitted). An "omission by a government official who is *not* the affiant can be the basis for a *Franks* suppression" when that omission is "deliberate or reckless." *Id.* (emphasis added).

*Offers of leniency*. Defendant argues that Officer Boliek made offers of leniency to a confidential informant ("CD-1") in exchange for CD-1's incriminating information regarding Defendant. Defendant argues that because Officer Stewart omitted these purported offers from his affidavits in support of the search warrants, he is entitled to a *Franks* hearing. This argument is unavailing, however, as Defendant provided no evidence that Officer Stewart was aware of Officer Boliek's supposed offers to CD-1. While Defendant points to the transcript of Officer Boliek's interview with CD-1 for evidence of the offers, Officer Stewart explicitly stated that he based his information on Officer Boliek's *report*. The report contains no evidence of such offers. Furthermore, even if Officer Boliek deliberately or recklessly withheld information regarding offers of leniency from Officer Stewart, such omissions would not be material as there was still sufficient corroborating

information to support probable cause. Because Defendant fails to make a substantial showing that the affidavits supporting the search warrants contained deliberate or reckless omissions of material facts tending to mislead regarding the purported offers of leniency, he is not entitled to a *Franks* hearing.

*CD-1's criminal history*. Defendant also argues that the affidavits failed to mention certain details regarding CD-1's criminal history and arrest. The affidavits did, however, state that "[t]he court should be advised that [CD-1] has been convicted of multiple felonies," which felonies were listed. The affidavits further stated that CD-1 had been arrested "for several felony crimes as well as multiple outstanding arrest warrants," and that he was in possession of a "large amount of drugs and guns." The district court is correct that there was "enough here for the magistrate judge [issuing the search warrant] to have been well aware that [CD-1] had a very serious criminal history and serious potential problems with credibility, and would be . . . required to look for corroboration before finding probable cause." The omission of certain details regarding CD-1's criminal history and arrest was therefore not "material," as it would not "tip[] the balance on the probable cause decision," *United States v. Meek*, 366 F.3d 705, 717 (9th Cir. 2004). The district court did not err in denying Defendant's motion for a *Franks* hearing.

*Staleness*. Defendant asserts that the information from a different confidential informant included in the affidavits supporting the search warrants was stale because

it was about five months old at the time of the service of the warrants. Defendant's argument is unavailing. "[I]n cases involving ongoing narcotics businesses, lapses of several months—and up to two years in certain circumstances—are not sufficient to render the information in an affidavit too stale to support probable cause." *United States v. Fernandez*, 388 F.3d 1199, 1254 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005). *See also United States v. Greany*, 929 F.2d 523, 525 (9th Cir. 1991) ("When the evidence sought is of an ongoing criminal business of a necessarily long-term nature . . . greater lapses of time are permitted if the evidence in the affidavit shows the probable existence of the activity at an earlier time."). The district court therefore did not err in denying Defendant's motion for a *Franks* hearing.

**AFFIRMED.**